53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joe STEWART, Plaintiff-Appellant,
v.
William PERRILL, Warden, FCI Englewood; W.M. Grahame,
Hospital Administrator, FCI Englewood; Dr.
Kowalski, Medical Staff, FCI Englewood,
Defendants-Appellees.
and
J. GRISWALD, Defendant.
 No. 94-1519.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing pro se petitioner's civil rights action alleging that officials at FCI Englewood were deliberately indifferent to plaintiff's serious medical needs when they established a policy that limited the acquisition of non-prescription over-the-counter medications to commissary purchase or prescription at routine sick-call procedures. After rejecting an initial recommendation of dismissal from the United States magistrate judge, and directing that hearings be held in this case, the district judge adopted the resulting recommendation of the magistrate judge and dismissed plaintiff's complaint as a motion to dismiss under F.R. Civ. P. 12(b)(6) on the ground that plaintiff had failed to show any basis in fact for his claim of violation of constitutional rights. We affirm.
 
 
 3
 On December 14, 1993, plaintiff appeared at a medication line and requested two aspirin. He was given two alternatives for acquiring the aspirin. He could either have purchased the aspirin at the commissary or could have gone through sick-call to determine whether the aspirin should be provided at no cost. The record is clear that the regulations at FCI Englewood that were in effect on Tuesday, December 14, 1993, did not prevent plaintiff from purchasing aspirin nor did they preclude him from a determination that he was entitled to free aspirin. Under these circumstances plaintiff has failed to present any evidence of action on the part of the prison officials that amounts to a violation of constitutional rights and plaintiff has clearly failed to show any deliberate indifference to his medical needs.
 
 
 4
 We AFFIRM the dismissal of the civil rights complaint for substantially the reasons given by the magistrate judge and adopted by the district court. AFFIRMED and DISMISSED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470